[No. G040745. Fourth Dist., Div. Three. Apr. 30, 2009.]

LEE STROTHER et al., Plaintiffs and Appellants, v.
CALIFORNIA COASTAL COMMISSION, Defendant and Respondent;
ERNEST ALVAREZ, JR., et al., Real Parties in Interest and Respondents.

## COUNSEL

Lewis Brisbois Bisgaard & Smith, James A. Geocaris; and Ronald C. Redcay for Plaintiffs and Appellants.

Edmund G. Brown, Jr., Attorney General, John A. Saurenman, Assistant Attorney General, and Christina Bull Arndt, Deputy Attorney General, for Defendant and Respondent.

Nossaman, John J. Flynn III and Scott N. Yamaguchi for Real Parties in Interest and Respondents.

## OPINION

**RYLAARSDAM, Acting P. J.**—This case requires us to construe apparently inconsistent sections of the California Environmental Quality Act (CEQA; Pub. Resources Code, §§ 21000 et seq., 21050; all further statutory references are to the Public Resources Code unless otherwise indicated) and the California Coastal Act of 1976 (Coastal Act; § 30000 et seq.) governing the finality of a decision by the California Coastal Commission (Commission) involving a potentially significant effect on the environment.

Plaintiffs Lee Strother, Casey and Christy Armstrong, Jim and Kathleen Sigafoos, Tricia Madding, and Ronald and Gay Redcay appeal from a judgment dismissing their petition for writ of mandate to vacate decisions by Commission approving coastal development permits for two unimproved residential lots. The court entered judgment after sustaining, without leave to amend, demurrers by Commission and real parties in interest Paulette and Ernest Alvarez, Jr., and Mark Cragun on the ground plaintiffs failed to timely file their petition. Applying the paramount principle of statutory construction

that, where possible, courts harmonize potentially conflicting statutes, we conclude plaintiffs are entitled to proceed with a limited challenge to Commission's approval of the coastal development permits.

## FACTS

Because this appeal is from a judgment of dismissal based on the sustaining of demurrers without leave to amend, we assume the truth of all properly pleaded allegations in the petition. (*Serra Canyon Co. v. California Coastal Com.* (2004) 120 Cal.App.4th 663, 667 [16 Cal.Rptr.3d 110].)

Plaintiffs allege they reside in a coastal area of San Clemente and over the years have enjoyed views across nine undeveloped parcels located on a coastal bluff. Members of the public have also used these vacant lots for access to the beach. Real parties in interest Ernest and Paulette Alvarez own lot 5 of the coastal bluff's undeveloped lots. Real party in interest Mark Cragun owns lot 6 of the same parcel.

Real parties in interest each filed an application with Commission for a coastal development permit allowing the construction of a multistory single-family residence on each of their lots, respectively. Two weeks before the November 14, 2007 hearing on both applications, Commission's staff filed two 30-page reports recommending approval of each request with conditions, including a requirement that real parties in interest enter into a memorandum of understanding with the owners of five other undeveloped lots to provide for view corridors and pedestrian access to the beach.

Plaintiffs opposed the applications, but at the November 14 public meeting Commission approved coastal development permits for both lots. However, Commission did not file notice of its approval of the permits with California's Natural Resources Agency until December 27. The agency posted the notices the following day.

On January 28, 2008, plaintiffs filed this action containing two causes of action. The first count alleges Commission violated its regulatory program because its staff's reports on real parties in interest's development applications "failed to evaluate adequately a reasonable range of alternatives to either" proposed project, "including lower densit[ies]," and the "mitigation measure recommended by the Staff . . . and adopted by the Commission improperly deferred decisions on the actual measures to be implemented for mitigation, and left those . . . decisions to private parties." The second count alleges, in part, Commission violated certain "procedural requirements" of its regulatory program by "providing less than 14 days' notice of the availability . . . of the lengthy [s]taff [r]eports," and while "[p]etitioners managed to

prepare and submit some written comments to the Commission . . . before the November 14 meeting," the latter "failed to prepare any written responses to any of [the] substantive comments . . . ."

Commission and real parties in interest separately demurred to the petition, arguing plaintiffs had failed to file it within 60 days after Commission approved the coastal development permits as required by section 30801. Plaintiffs opposed the demurrers, arguing the applicable statute of limitations was section 21080.5, subdivision (g), which requires an action to be filed within 30 days after notice of the approval is filed with the Natural Resources Agency. Agreeing with Commission and real parties in interest, the trial court sustained the demurrers and dismissed the action.

## DISCUSSION

1. *Background*

CEQA requires a public entity to conduct a review of a project it concludes will have "a significant impact on the environment" before approving it, documenting its analysis, usually through the preparation of an environmental impact report (EIR). (See § 21080, subds. (a), (c), (d); *Mountain Lion Foundation v. Fish & Game Com.* (1997) 16 Cal.4th 105, 112 [65 Cal.Rptr.2d 580, 939 P.2d 1280]; *Joy Road Area Forest & Watershed Assn. v. California Dept. of Forestry & Fire Protection* (2006) 142 Cal.App.4th 656, 666 [47 Cal.Rptr.3d 846].) But "[i]n some cases, notwithstanding a public agency's determination that a proposed activity may have a significant, adverse effect on the environment, an EIR is not required." (*Mountain Lion Foundation v. Fish & Game Com., supra*, 16 Cal.4th at p. 113.)

One exemption is contained in section 21080.5. It declares that, when "the regulatory program of a state agency requires a plan or other written documentation containing environmental information . . . , the plan or other written documentation may be submitted in lieu of the environmental impact report required by this division if the Secretary of the Resources Agency has certified the regulatory program pursuant to this section." (§ 21080.5, subd. (a).) Commission is a state agency certified to conduct environmental reviews under section 21080.5. (Cal. Code Regs., tit. 14, § 15251, subd. (c); *La Costa Beach Homeowners' Assn. v. California Coastal Com.* (2002) 101 Cal.App.4th 804, 819 [124 Cal.Rptr.2d 618].) The requirements for Commission staff reports are specified in section 13057 of title 14 of the California Code of Regulations. The activities covered by this exemption include "[t]he issuance to a person of a . . . permit . . . or other entitlement for use." (§ 21080.5, subd. (b)(1).)

Certification of a regulatory program under section 21080.5 requires a state agency to comply with criteria contained in subdivision (d) of the statute. First, it declares the regulatory program's "enabling legislation" must "[i]nclude[] protection of the environment" as a "principal purpose[]" and authorize the adoption of "rules and regulations" to achieve this purpose. (§ 21080.5, subd. (d)(1).) Second, the adopted "rules and regulations" must incorporate certain requirements, including (1) no approval or adoption of a proposed activity "if there are feasible alternatives or feasible mitigation measures available that would substantially lessen a significant adverse [environmental] effect" (§ 21080.5, subd. (d)(2)(A)), (2) advance "notice of the filing of the plan or other written documentation . . . to the public and to a person who requests [it]" so as to "provide . . . sufficient time to review and comment on the filing" (§ 21080.5, subd. (d)(2)(F)), and (3) "written responses . . . to significant environmental points raised during the evaluation process" in the agency's "final action on the proposed activity" (§ 21080.5, subd. (d)(2)(D)). Finally, subdivision (d) requires the agency's "plan or other written documentation" to "[i]nclude[] a description of the proposed activity with alternatives . . . and mitigation measures to minimize any significant adverse affect on the environment," and be "available for a reasonable time for review and comment . . . ." (§ 21080.5, subd. (d)(3).)

## 2. The Applicable Statute of Limitations

Plaintiffs concede Commission's staff reports were intended to comply with section 21080.5. They also concede the Commission's approval of real parties in interest's coastal development permits became final on November 14, 2007. Section 30801 declares "[a]ny aggrieved person" may seek "judicial review of any decision or action of the commission by filing a petition for a writ of mandate" under Code of Civil Procedure section 1094.5 within 60 days after the Commission's "decision or action has become final." The parties agree plaintiffs filed this action January 28, 2008, more than 60 days after Commission approved real parties in interest's permit applications.

■ Contrary to plaintiffs' argument, section 30801's 60-day period constitutes a statute of limitations and generally bars untimely efforts to challenge coastal commission rulings. (*Serra Canyon Co. v. California Coastal Com., supra*, 120 Cal.App.4th at p. 668 & fn. 1 [inverse condemnation action by successor in interest filed 20 years after predecessor recorded irrevocable offer to dedicate property barred]; *Ojavan Investors, Inc. v. California Coastal Com.* (1994) 26 Cal.App.4th 516, 525 [32 Cal.Rptr.2d 103] ["the time to challenge coastal development permits . . . is within the statutory 60-day period after issuance of the permits . . . , not when a party or a successor in interest elects to violate declarations of restrictions imposed pursuant to the permits, and a cease and desist order ensues" (citation omitted)]; *Sierra Club,*

*Inc. v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 503 [157 Cal.Rptr. 190] [mandamus action challenging permit authorizing construction project in coastal zone dismissed for failure to add developer as party until after 60-day period expired].) Thus, if section 30801 governs this case, plaintiffs failed to timely file their petition.

But, plaintiffs claim the appropriate statute of limitations is section 21080.5, subdivision (g). It declares, "An action or proceeding to attack, review, set aside, void, or annul a determination or decision of a state agency approving or adopting a proposed activity under a regulatory program that has been certified pursuant to this section on the basis that the plan or other written documentation prepared pursuant to paragraph (3) of subdivision (d) does not comply with this section shall be commenced not later than 30 days from the date of the filing of notice of the approval or adoption of the activity." The time limit under this statute is shorter than that contained in section 30801, but triggered by a different event, the filing of the notice of approval with the Secretary of the Natural Resources Agency. Here, that filing occurred on December 27, 2007. If section 21080.5, subdivision (g) applies, plaintiffs' filing of the petition on Monday, January 28, 2008, was timely. (Code Civ. Proc., §§ 12, 12a.)

■ Plaintiffs rely on the general rule of statutory construction that where two statutes apply to a situation, courts apply the more specific one. "If conflicting statutes cannot be reconciled, . . . more specific provisions take precedence over more general ones [citation]." (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 310 [99 Cal.Rptr.2d 792, 6 P.3d 713].) This rule applies to competing statutes of limitations. (*Ibid.; Committee for a Progressive Gilroy v. State Water Resources Control Bd.* (1987) 192 Cal.App.3d 847, 859 [237 Cal.Rptr. 723].) Plaintiffs argue Commission conducted its review of real parties in interest's coastal development applications under the regulatory program exemption created by section 21080.5, and its limitations period is more specific than the general limitations period for "any" Commission decision created by section 30801.

■ Citing section 21174, Commission and real parties in interest respond that this case falls within an exception to the general rule of a specific statute trumping a general one. Section 21174 states: "No provision of this division is a limitation or restriction on the power or authority of any public agency in the enforcement or administration of any provision of law which it is specifically permitted or required to enforce or administer, including, but not limited to, the powers and authority granted to the California Coastal Commission pursuant to Division 20 (commencing with Section 30000). To the extent of any inconsistency or conflict between the provisions of the California Coastal Act of 1976 (Division 20 (commencing with Section

30000)) and the provisions of this division, the provisions of Division 20 (commencing with Section 30000) shall control." In *Sierra Club v. California Coastal Com.* (2005) 35 Cal.4th 839 [28 Cal.Rptr.3d 316, 111 P.3d 294], the Supreme Court applied section 21174, stating, " 'To the extent of any inconsistency or conflict between the provisions of the . . . Coastal Act . . . and the provisions of [CEQA], the provisions of [the Coastal Act] shall control.' " (35 Cal.4th at p. 859.)

Plaintiffs respond, arguing there is no conflict between sections 30801 and 21080.5, subdivision (g). We find some merit in this claim. Code of Civil Procedure section 1858 provides, "In the construction of a statute . . . , the office of the Judge is . . . to ascertain and declare what is in terms or in substance contained therein, . . . and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." In cases "involving an apparent conflict between two statutes, the principle of paramount importance is that of harmonious construction, by which we must attempt to give effect to both statutes if possible . . . ." (*Conway v. City of Imperial Beach* (1997) 52 Cal.App.4th 78, 84 [60 Cal.Rptr.2d 402].) " '[T]he principle that a specific statute prevails over a general one applies only when the two sections cannot be reconciled. [Citations.]' [Citation.] If we can reasonably harmonize '[t]wo statutes dealing with the same subject,' then we must give 'concurrent effect' to both, 'even though one is specific and the other general. [Citations.]' [Citation.]" (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 478 [66 Cal.Rptr.2d 319, 940 P.2d 906]; see also *Collection Bureau of San Jose v. Rumsey, supra,* 24 Cal.4th at pp. 309–310 ["In seeking to determine which statute of limitations was intended to govern" even when "they conflict on a central element, we strive to harmonize them so as to give effect to each"].)

■ "To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. [Citations.] '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.' [Citation.]" (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22–23 [32 Cal.Rptr.2d 244, 876 P.2d 1043]; see *Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 134–135 [87 Cal.Rptr.3d 5] ["In determining the applicability of a particular statute of limitations, ' "courts will look to the nature of the rights sued upon rather than to the form of the action . . . ." ' "].)

■ The statutes at issue in this case can be reconciled. Section 30801 applies to "any decision" by Commission while section 21080.5, subdivision (g) covers a "state agency['s]" decision where it is alleged "the

plan or other written documentation prepared pursuant to paragraph (3) of subdivision (d) does not comply with this section . . . ." Thus, section 21080.5 governs a limited type of attack on Commission's rulings issued under the certified regulatory program exemption.

Plaintiffs' petition, in part, seeks to vacate the approval of the coastal development permits on grounds going to Commission's implementation of the section 21080.5 exemption. Among other things, the first cause of action alleges Commission's staff reports failed to evaluate a reasonable range of alternatives, and the memorandum of understanding did not adequately mitigate their adverse impacts. This count arguably supports a conclusion the approval of real parties in interest's coastal development permits violated section 21080.5, subdivision (d)(3)(A), which declares "[t]he plan or other written documentation required by the regulatory program" must "[i]nclude[] . . . alternatives to the activity[] and mitigation measures to minimize any significant adverse effect on the environment of the activity."

The second cause of action alleges Commission failed to provide adequate public review of its staff's reports and failed to prepare written responses to comments opposing the proposed projects. Arguably, these allegations support a conclusion Commission failed to comply with the requirements that its proposed approval be "available for a reasonable time for review and comment" (§ 21080.5, subd. (d)(3)(B)) and "include . . . written responses . . . to significant environmental points raised during the evaluation process" (§ 21080.5, subd. (d)(2)(D); see Cal. Code Regs., tit. 14, § 13057, subd. (c)(3)).

A reconciliation of sections 30801 and 21080.5, subdivision (g) will also encourage prompt compliance with section 21080.5, subdivision (d)(2)(E)'s requirement that a state agency file notice of its decision with the Secretary of the Natural Resources Agency. Real parties in interest concede the purpose behind this statutory provision is to provide notice to the public of the agency's ruling. In fact, Commission's dilatory filing of its ruling on the coastal development permits at issue in this case is the sole reason why the "conflict" between sections 30801 and 21080.5, subdivision (g) arose. The latter statute's limitations period is only half as long as that provided under the Coastal Act. Timely compliance by Commission with the filing requirement would have resulted in an earlier finality for its coastal development permit rulings.

To be sure, plaintiffs are limited to challenging Commission's alleged noncompliance with the requirements set forth in section 21080.5. To the extent they challenge Commission's decision on grounds beyond what is specified in section 21080.5, subdivision (g), Commission and real parties in

interest may properly object to the claims as being time-barred. In this manner, the potential conflict between section 30801 and section 21080.5, subdivision (g) can be reconciled and both statutes given effect.

## DISPOSITION

The judgment is reversed and the matter remanded to the superior court for further proceedings consistent with this opinion. Appellants shall recover their costs on appeal.

Moore, J., and Aronson, J., concurred.