
[No. B230095. Second Dist., Div. Six. Jan. 9, 2012.]

SIERRA CLUB, Plaintiff and Appellant, v.
DEPARTMENT OF PARKS AND RECREATION et al., Defendants and
Respondents.

COUNSEL

Babak Naficy for Plaintiff and Appellant.

Timothy S. La Franchi for Defendant and Respondent California Department of Parks and Recreation.

Thomas D. Roth for Defendant and Respondent Friends of Oceano Dunes, Inc.

Hope Schmeltzer and Christopher Pederson for Defendant and Respondent California Coastal Commission.

Warren R. Jensen, County Counsel, and Timothy McNulty, Chief Deputy County Counsel, for Defendant and Respondent San Luis Obispo County.

OPINION

**YEGAN, J.**—Justice Felix Frankfurter once said: " 'Wise adjudication has its own time for ripening.' " (*In re Marriage of Carpenter* (2002) 100 Cal.App.4th 424, 429 [122 Cal.Rptr.2d 526], quoting *Maryland v. Baltimore Radio Show* (1949) 338 U.S. 912, 918 [94 L.Ed. 562, 566, 70 S.Ct. 252].) Here, the trial court exercised judicial restraint, heeded Justice Frankfurter's call, and ruled that the time was not ripe for appellant's lawsuit.

Sierra Club appeals from a judgment dismissing its first amended petition for traditional writ of mandate (Code Civ. Proc., § 1085) and complaint for declaratory and injunctive relief (petition). The petition seeks to compel California's Department of Parks and Recreation (State Parks) to amend its general development plan for the Oceano Dunes State Vehicular Recreational Area (General Development Plan) and ban off-highway vehicle (OHV) recreational activities on property leased from the County of San Luis Obispo (County). Sierra Club claims that the General Development Plan conflicts with County's local coastal plan map which refers to the leased property as a "buffer area." Sierra Club claims this is a nonvehicle area. The trial court sustained a demurrer without leave to amend, ruling that State Parks has no ministerial duty to amend the General Development Plan. We affirm. As we shall explain, it is too late to review the 1982 coastal development permit that allows OHV's on portions of the leased property. There is no current "development" within the meaning of the California Coastal Act of 1976 (Pub. Resources Code, § 30000 et seq.; Coastal Act), and somewhat ironically, it is too early for judicial review.

*Facts and Procedural History*

State Parks operates the Oceano Dunes State Vehicular Recreational Area (SVRA) pursuant to a 1982 coastal development permit (Coastal Development Permit) issued by the California Coastal Commission (Coastal Commission). The SVRA, formerly known as the Pismo Dunes State Vehicular Recreational Area, was created in 1974 to allow recreational use of dune buggies and OHV's near Pismo Beach State Park. It is the only place on the California coastline where the public can drive street legal vehicles on the beach. Approximately two million visitors use the SVRA each year. In 1975, State Parks adopted a General Development Plan that serves as a guide for future development, management, and use of the SVRA. (Pub. Resources Code, §§ 5002.2, subd. (a), 5002.3.)[1] Because it is an environmentally sensitive area, the Coastal Development Permit requires that State Parks keep OHV's out of sensitive vegetated dunes and wetlands environment. We presume that State Parks is doing so.

The SVRA includes the La Grande Tract, a 584-acre area that State Parks leases from County. In 2007, State Parks offered to purchase the La Grande Tract but the County Board of Supervisors determined that the sale would be inconsistent with County's general plan (General Plan) and figure 4 of County's local coastal plan (LCP) which depicts the La Grande Tract as a "buffer area." The factual premise of Sierra Club's lawsuit is that no OHV's are allowed on the La Grande Tract. But the LCP does not expressly state that the "buffer area" precludes OHV's on the entire tract.

Although the sale did not go forward, two writ petitions were filed and consolidated on the issue of whether the County General Plan and LCP prohibit OHV activities on the La Grande Tract. (*Friends of Oceano Dunes, Inc. v. County of San Luis Obispo* (Super. Ct. San Luis Obispo County, No. CV070591); *Sierra Club v. State of California* (Super. Ct. San Luis Obispo County, No. CV080344).)[2] Sierra Club sought a traditional writ of mandate to compel State Parks to amend its General Development Plan and ban OHV activities on the La Grande Tract. The petition named County and Coastal Commission as real parties in interest and alleged that State Parks was operating the SVRA in violation of the County General Plan and LCP.

State Parks filed a demurrer on the following theory: it had no ministerial duty to amend/revise its General Development Plan or ban OHV activities on

---

[1] All statutory references are to the Public Resources Code unless otherwise stated.

[2] The *Friends of Oceano Dunes* petition alleged that County's General Plan and LCP conflicted with the Coastal Act and are preempted by legislation which grants State Parks exclusive authority to manage the SVRA. The writ petition was dismissed after Sierra Club intervened and successfully opposed a proposed settlement with County and State Parks.

the La Grande Tract. State Parks contended that the County LCP, which was certified in 1984, did not change the terms of the Coastal Development Permit or have any direct regulatory effect on State Parks's operation of the SVRA. Because Sierra Club has never challenged the adoption or amendment of the Coastal Development Permit or the General Development Plan, it was barred from challenging State Parks' operation of the SVRA.

The trial court sustained the demurrer without leave to amend ruling that the County LCP imposed no ministerial duty on State Parks to ban OHV activities. It concluded that judicial review of the LCP and General Development Plan must be by administrative mandamus (Code Civ. Proc., § 1094.5) rather than traditional writ of mandate (Code Civ. Proc., § 1085). The trial court ruled that the matter was not ripe for review "because there is no ongoing permit amendment process or agency action that is subject to judicial review."

## Standard of Review

We review the order sustaining the demurrer de novo, exercising our independent judgment to determine whether a cause of action has been stated under any legal theory. (*Ochs v. PacifiCare of California* (2004) 115 Cal.App.4th 782, 788 [9 Cal.Rptr.3d 734].) The judgment will be affirmed if the petition fails to plead an essential element or the allegations clearly disclose some defense or bar to recovery. (*Brown v. Crandall* (2011) 198 Cal.App.4th 1, 8 [132 Cal.Rptr.3d 388].) "In determining these issues, we accept as true all facts properly pleaded or subject to judicial notice, but not contentions, deductions, or conclusions of fact or law. [Citation.]" (*Ibid.*)

## Traditional Writ of Mandate

■ It is settled that traditional mandamus only lies to compel the performance of a clear, present ministerial duty. (*State of California v. Superior Court* (1974) 12 Cal.3d 237, 247 [115 Cal.Rptr. 497, 524 P.2d 1281].) "Mandamus cannot be used to compel the exercise of discretion in a particular manner or to order a specific result when the underlying decision is purely discretionary. [Citation.]" (*US Ecology, Inc. v. State of California* (2001) 92 Cal.App.4th 113, 138 [111 Cal.Rptr.2d 689].)

■ Sierra Club alleges no facts that State Parks has a clear and present ministerial duty to ban OHV activities on the entire La Grande Tract. Although the Coastal Development Permit was issued in 1982 and amended five times (most recently in 2002), Sierra Club has never challenged the

permit. The Coastal Act (§ 30801)[3] requires that such a challenge be made by filing a writ petition for administrative mandamus within 60 days "after the decision or action has become final." (See, e.g., *Strother v. California Coastal Com.* (2009) 173 Cal.App.4th 873, 878 [92 Cal.Rptr.3d 831]; *Ojavan Investors, Inc. v. California Coastal Com.* (1994) 26 Cal.App.4th 516, 524–525 [32 Cal.Rptr.2d 103]; *Patrick Media Group, Inc. v. California Coastal Com.* (1992) 9 Cal.App.4th 592, 607–608 [11 Cal.Rptr.2d 824].) In the words of the trial court, "I have not seen California precedent that says, in a land use context, that the mere passage of time takes something that ought to be in the [Code of Civil Procedure section] 1094.5 box and turns it into a ministerial duty under CCP 1085."

### Standing to Sue: Cease and Desist Order

Sierra Club argues that the writ petition is not time-barred because the Coastal Commission or its executive director may issue cease and desist orders to enforce a coastal development permit or certified local coastal program. (§§ 30809, subd. (a), 30810, subd. (a).) But the power to issue cease and desist orders does not extend to third parties such as Sierra Club. It has no power to stand in the shoes of the Coastal Commission. Traditional mandamus relief "will not lie to control discretion conferred upon a public officer or agency." (*People ex rel. Younger v. County of El Dorado* (1971) 5 Cal.3d 480, 491 [96 Cal.Rptr. 553, 487 P.2d 1193].) Absent a showing that State Parks is violating the Coastal Development Permit or a Coastal Commission cease and desist order, Sierra Club has no standing to sue the permit holder (State Parks) for declaratory or equitable relief. (§ 30803, subd. (a).)

Sierra Club argues that the legality of OHV recreational activities could remain forever in limbo until the Coastal Commission and County act on the matter. The trial court found that "all parties concede that some sort of legal challenge can be brought when the [General Development Plan] is amended or when relevant portions of the County's LCP or General Plan are amended. Given that the State Parks Department remains interested in purchasing the La Grande Tract, and given that the County must periodically revise and update its LCP and General Plan, it is only a matter of time until judicial review will ripen." The trial court correctly ruled that Sierra Club could not hasten the process by standing in the shoes of the Coastal Commission and seeking a traditional writ of mandate.

---

[3] Section 30801 provides: "Any aggrieved person shall have a right to judicial review of any decision or action of the [coastal] commission by filing a petition for a writ of mandate in accordance with Section 1094.5 of the Code of Civil Procedure, within 60 days after the decision or action has become final."

*Collateral Attack of Coastal Development Permit*

■ Sierra Club is barred from collaterally attacking the Coastal Development Permit which has authorized OHV activities for the last 28 years. (See, e.g., *Patrick Media Group, Inc. v. California Coastal Com., supra,* 9 Cal.App.4th at p. 618.) Simply put, it is too late. If the rule were otherwise, a coastal development permit could be subject to endless challenges long after the 60-day period for administrative mandamus review has expired. (§ 30801.) "California courts have consistently held that an administrative decision which has not been overturned through administrative mandamus is absolutely immune from collateral attack. [Citations.]" (*Citizens for Responsible Development v. City of West Hollywood* (1995) 39 Cal.App.4th 490, 505 [45 Cal.Rptr.2d 917].)

■ Sierra Club attempts to do an impermissible end run around the aforementioned rule based on the theory that the County General Plan and LCP are self-executing and impose a ministerial duty on State Parks to ban OHV activities. The land use element of the County General Plan states that "Standards 4 through 13 apply to the *development* of the Pismo State Beach and State Vehicular Recreation Areas." (Italics added.) "Development" is a term of art under the Coastal Act and refers to a change in intensity of land use, a land division, or the erection of a structure. (§§ 30106, 30212; see *Georgia-Pacific Corp. v. California Coastal Com.* (1982) 132 Cal.App.3d 678, 695–696 [183 Cal.Rptr. 395].)

■ Once an LCP is certified, it serves as the standard for proposed development and the issuance of new coastal development permits. (*Douda v. California Coastal Com.* (2008) 159 Cal.App.4th 1181, 1192 [72 Cal.Rptr.3d 98].) "After certification of the local coastal program, a coastal development permit shall be issued if the issuing agency or the [Coastal Commission] on appeal finds that the proposed development is in conformity with the certified local coastal program." (§ 30604, subd. (b).)

Coastal Commission, however, retains regulatory authority based on the 1982 Coastal Development Permit until there is "new development proposed within the area to which the certified local coastal program, or any portion thereof, applies . . . ." (§ 30519, subd. (a).) When new development is proposed, regulatory authority "shall at that time be delegated to the local government that is implementing the local coastal program or any portion thereof." (*Ibid.*)

Standard 4 of the South County—Coastal Area Plan states: "The General Development Plan (GDP) *shall be revised in accordance with the Local Coastal Plan*" but does not say when. (Italics added.) Read in the context of

the Coastal Act (§§ 30604, subd. (b), 30519, subd. (a)), standard 4 merely requires that the State Parks General Development Plan be revised before a permit issues for new development. LCP standard 4 states that approval of a general development plan revision "shall be subject to a finding that the State Department of Parks and Recreation is making a commitment for sufficient manpower to ensure resource protection, ordinance enforcement and access control in conformance with the conditions of Coastal Development Permit. Should the terms and conditions of the coastal permit not be enforced or accomplished or should they not be sufficient to regulate the use in a manner consistent with the protection of resources, public health and safety and community values, then under the county's police powers, the imposition of an interim moratorium on O[H]V use may be necessary to protect resources while long-range planning, development of facilities and requisition of equipment and manpower is completed."

██ County has long recognized that the SVRA operates pursuant to the 1982 Coastal Development Permit which was issued before the County LCP was certified. No facts are alleged that County has banned ongoing OHV activities or requested that State Parks revise its General Development Plan. To say that State Parks has a sua sponte, ministerial duty to ban OHV activities before it has been requested to do so by County is contrary to the plain meaning of the 1982 Coastal Development Permit, the County LCP, and the Coastal Act. Artful pleading does not save the day.[4] "[A] demurrer does not admit the truth of argumentative allegations about the legal construction, operation, and effect of statutory provisions . . . ." (*Building Industry Assn. v. Marin Mun. Water Dist.* (1991) 235 Cal.App.3d 1641, 1645 [1 Cal.Rptr.2d 625].)

*Conclusion*

██ Even if ongoing OHV activities may be inconsistent with the long-term goal of the LCP, this does not mean that a peremptory writ should issue. Despite two pleading attempts, Sierra Club has failed to allege that State Parks has a clear and present ministerial duty to ban OHV activities on the La Grande Tract. Sierra Club is barred from collaterally attacking the 1982 Coastal Development Permit by suing for mandamus, declaratory, or equitable relief. (§ 30801; *State of California v. Superior Court, supra,* 12 Cal.3d at p. 249.)

---

[4] The petition alleges that State Parks is "under a legal mandate to operate and manage the ODSVRA in a manner that is consist with the County's LCP, including Figure 4. Yet, Respondents have ignored and violated the terms of the LCP, in particular Figure 4, by continuing to permit and authorize ORV recreation on La Grande Tract in direct violation of Figure 4."

■ Sierra Club complains that it has no plain or speedy remedy for what it perceives as a wrong. But the Coastal Commission and County have closely monitored OHV activities for more than 20 years. The presumption is that the Coastal Commission, the County, and State Parks have weighed the competing interests and are acting in the best interests of everyone, including the Sierra Club. As an appellate court, we exercise judicial restraint. We have no power to rewrite the LCP or the Coastal Act. " 'Courts must take a statute as they find it, and [even] if its operation results in inequality or hardship in some cases, the remedy therefor lies with the legislative authority. [Citation.]' [Citation.]" (*Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1697 [8 Cal.Rptr.2d 614].)

The judgment (order sustaining demurrer) is affirmed. Sierra Club is ordered to pay costs on appeal.

Gilbert, P. J., and Perren, J., concurred.

A petition for a rehearing was denied February 2, 2012, and the opinion was modified to read as printed above.