Filed 11/3/14  Khalkhali v. Cal. Coastal Commission CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FARZIN KHALKHALI et al., | B249860 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BS139731) |
| v. | |
| CALIFORNIA COASTAL COMMISSION, | |
| Defendant and Respondent; | |
| CITY OF LOS ANGELES, | |
| Respondent; | |
| IVAN SVITEK et al., | |
| Real Parties in Interest. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Luis A. Lavin, Judge.  Affirmed.

Steckbauer Weinhart, J. Thomas Cairns, Jr.; Corin L. Khan for Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, John A. Saurenman, Assistant Attorney General, Christina Bull Arndt and Jennifer W. Rosenfeld, Deputy Attorneys General, for Defendant and Respondent California Coastal Commission.

Michael N. Feuer, City Attorney, Terry P. Kaufmann Macias, Assistant City Attorney, Amy Brothers, Deputy City Attorney, for Respondent City of Los Angeles.

The Law Office of Daniel Friedlander, Daniel A. Friedlander for Real Parties in Interest.

_____

Appellants assert that the City of Los Angeles and the California Coastal Commission acted improperly when they waived permit requirements for the construction of a single-family home by appellants' neighbors. The trial court found that appellants' action was not brought within the applicable statute of limitations and sustained demurrers without leave to amend. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Farzin Khalkhali and Zohreh Bahmani (appellants) own a home in Pacific Palisades, Los Angeles, at the top of a coastal bluff, near Pacific Coast Highway and Will Rogers State Beach. In approximately 2010, Ivan and Milan Svitek purchased a property directly adjacent to appellants' house.

The Sviteks applied to construct a house on the property to replace the already-existing one-story home. In February 2011, the City of Los Angeles (City) issued an "approval in concept" (AIC) for construction of a 4,989-square-foot, two-story residence with basement and attached garage. The AIC stated that it was "not a permit." Instead, according to the AIC, the proposed project conformed in concept with the City's land use regulations and entitled the Sviteks to apply to the California Coastal Commission (Commission) for an administrative "costal development permit" (CDP).

Soon after issuance of the AIC, the Sviteks applied to the Commission. On May 27, 2011, the executive director of the Commission issued a written waiver of the CDP requirement based on the project being a "de minimis" development. The written waiver stated that it would not become effective until reported to the Commission at its June 16, 2011 meeting, and that if four commissioners objected to the waiver, a CDP would be required. Thereafter, following the Commission meeting, the waiver became effective.

The Sviteks obtained a building permit and began construction in May 2012. After observing the construction, appellants inquired with the Commission concerning the issuance of a CDP for the site and discovered that the Sviteks obtained a de minimis waiver. On June 27, 2012, appellants wrote to the Commission, alleging that the Sviteks provided inaccurate information to the Commission in their application, and requesting

3

that the Commission institute revocation proceedings.  Commission staff responded to appellants' letter in August 2012, writing that Commission regulations "provide no process for revoking a de minimis waiver," but noting that a de minimis waiver "simply becomes invalid if the approved plans are revised subsequent to the Commission's issuance of the waiver."  The letter also stated that the documents provided by the Sviteks were reviewed, and no inaccuracies were found as alleged by appellants.

On October 1, 2012, appellants filed a petition for writ of mandate against the Commission and the Sviteks (as real parties in interest), which began:  "This action challenges the issuance by the Executive Director of the [Commission] of a waiver of the requirements . . . that a [CDP] be obtained" by the Sviteks.  The petition contained six causes of action, all for violations of the California Coastal Act of 1976 (Pub. Resources Code, § 30000 et seq.;[1] hereinafter, Coastal Act).  Appellants alleged that the Commission acted in excess of its jurisdiction because:  (i) it issued a de minimis waiver even though a CDP was required for the Sviteks' development, which involved construction in a geologically hazardous area and within 300 feet of the top of the seaward face of a coastal bluff; (ii) it failed to provide appellants with notice prior to issuance of the de minimis waiver; (iii) the Commission abused its discretion by issuing the de minimis waiver because the project posed geological risks and potentially had adverse effects on coastal resources, and owners of other nearby properties were required to obtain CDP's prior to construction of similar projects; (iv) the Sviteks' construction was based on plans revised in September 2011, which differed in material respects from the plans reviewed when issuing the de minimis waiver; (v) the Commission had a ministerial duty to institute proceedings to revoke the de minimis waiver upon receipt of appellants' June 2012 letter; and (vi) regulations enacted by the Commission failed to afford fundamental due process to appellants to the extent they did not provide a process for revocation of a de minimis waiver.

---

[1]     All further statutory references are to the Public Resources Code, unless otherwise noted.

4

Both the Commission and the Sviteks filed demurrers. They argued, among other things, that the petition was time-barred under section 30801, which provides: "Any aggrieved person shall have a right to judicial review of any decision or action of the Commission by filing a petition for a writ of mandate in accordance with Section 1094.5 of the Code of Civil Procedure, within 60 days after the decision or action has become final." According to appellants' allegations, they learned of the de minimis waiver and wrote to the Commission on June 27, 2012. They did not file suit, however, until October 1, 2012, more than 60 days later.

The trial court sustained the demurrers as to all causes of action but granted leave to amend. With respect to issuance of the de minimis waiver, the trial court gave appellants "the opportunity to allege additional facts concerning why tolling is appropriate to get you beyond the 60-day period." The trial court also allowed appellants to allege additional facts relating to the refusal or failure of the Commission to revoke the de minimis waiver.

Appellants thereafter filed their "first amended and supplemental petition for writ of mandate and complaint for declaratory and injunctive relief and for civil penalties for violation of Coastal Act" (FASP). The FASP differs substantially from the original petition, although it still explicitly alleged that this action challenges the Commission's issuance of the de minimis waiver of the CDP requirement. Appellants attempted to add a new defendant in filing the FASP: the City.[2] They also added supplemental allegations regarding matters occurring after the filing of the original petition. According to the FASP, after observing construction in January 2013, appellants learned the residence is to be three stories and 37 feet 11 inches in height, which exceeds the 33-foot maximum imposed in the property's zone. Moreover, the FASP contains a number of causes of action not pled in the original petition: two causes of action for declaratory relief, one for injunction, one for civil monetary penalties, and one for writ of mandate against the City.

---

[2]     Appellants also attempted to name Ivan Svitek "as trustee of the Ivan Svitek Trust." He was only named as a party in his individual capacity in the original petition.

5

The Sviteks filed a motion to strike the FASP, in which the Commission joined, contending that appellants added new and different causes of action without first obtaining leave of court. The City also filed a motion to strike, contending that it was improperly added as a party without leave of court. In addition, all defendants filed demurrers arguing, inter alia, that the Commission had statutory authority to issue the de minimis waiver, that the 60-day statute of limitations applied to challenge acts of the Commission, regardless of how the cause of action is labeled, and that appellants failed to state a claim for traditional mandamus. The City further argued that appellants failed to exhaust their administrative remedies prior to bringing suit against it.

The trial court heard each of these motions in April 2013. It granted the motions to strike, finding that it had previously allowed appellants leave to amend all causes of action asserted in the original petition, but not leave to add new claims or parties. Appellants failed to file a motion for leave to add new causes of action and parties or otherwise obtain permission to do so. In addition, the trial court sustained the demurrers as to all causes of action, regardless of whether they were subject to the motions to strike. Leave to amend was denied because the trial court found that appellants' claims improperly challenged the Commission's administrative decisions and were otherwise time-barred.

Judgment was entered on May 15, 2013. Appellants timely appealed.

## DISCUSSION

### I. The Motions to Strike Were Properly Granted

A party may move to strike a pleading pursuant to Code of Civil Procedure section 435. In turn, Code of Civil Procedure section 436 provides that a court may strike (a) "any irrelevant, false, or improper matter" in a pleading, or strike (b) all or any part of a pleading "not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." We review the trial court's ruling on a motion to strike for an abuse of discretion. (*Cal-Western Business Services, Inc. v. Corning Capital Group* (2013) 221 Cal.App.4th 304, 309; *Pacific Gas & Electric Co. v. Superior Court* (2006) 144 Cal.App.4th 19, 23.)

6

A motion to strike commonly challenges "pleadings filed in violation of a deadline, court order, or requirement of prior leave of court." (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 528.) Based on its finding that appellants were not granted leave to allege new causes of action in the FASP, the trial court struck the first cause of action for declaratory relief, the second for declaratory relief, the third for injunction, the fourth for civil penalties, the seventh for writ of mandate against the City, and the eighth for writ of mandate against the Commission. The court also struck all claims asserted against the City and those against Ivan Svitek as trustee of the Ivan Svitek Trust.

Appellants argue that they were given leave by the trial court to dramatically expand their petition when the court ruled on the first round of demurrers. Appellants base this contention on a statement made by the court at the first demurrer hearing: "I'm not going to hang you in. You can allege whatever you would like to get around the court's ruling . . . ." Taken out of context, this statement provides some support for appellants' assertion. When read with the rest of the hearing transcript, however, it is clear that the trial court only provided leave for appellants to allege (i) additional facts that could potentially toll the statute of limitations applicable to their already-pled causes of action—giving them "the opportunity to allege additional facts concerning why tolling is appropriate to get . . . beyond the 60-day period"—and (ii) additional facts relevant "to the refusal or the failure of the Commission to revoke the de minimis waiver." These were the issues upon which the trial court's ruling sustaining the demurrers were based.

The trial court, therefore, did not abuse its discretion in finding that appellants impermissibly expanded the scope of this action, and it properly struck the FASP's newly pled causes of action and additional parties. "It is the rule that when a trial court sustains a demurrer with leave to amend, the scope of the grant of leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all." (*Community Water Coalition v. Santa Cruz County Local Agency Formation Com.* (2011) 200 Cal.App.4th 1317, 1329.) "The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of

7

the order granting leave to amend." (*Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023.) Furthermore the granting of leave to amend does not entitle the pleader to add further parties as defendants, absent express approval to do so. (*People ex rel. Dept. Pub. Wks. v. Clausen* (1967) 248 Cal.App.2d 770, 785-786.) Here, in ruling on the first demurrers, the trial court gave no indication that the addition of causes of action or parties was allowed, and only provided for further allegations relevant to the rulings on the causes of action contained in the original petition.

The court did err in one respect, however, in deciding the motions to strike. The FASP's eighth cause of action, which was struck, was identical (except for minimal additional allegations) to the sixth cause of action in the original petition. The motions to strike as to this cause of action should have been denied.

## II. The Coastal Act

The Commission was created by the Coastal Act. (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 163.) "Under the Coastal Act, the Commission is required to protect a coastal zone's delicately balanced ecosystem. (§§ 30001, subds. (a)-(c), 30001.5, subd. (a); *City of San Diego v. California Coastal Com.* (1981) 119 Cal.App.3d 228, 233, 235.)" (*Hagopian v. State of California* (2014) 223 Cal.App.4th 349, 360-361.) One way that the Commission achieves this objective is by generally requiring a CDP for development within a coastal zone. (§ 30600, subd. (a).)

The Coastal Act requires local governments to develop their own local coastal programs, consisting of a land use plan and implementing ordinances, to further the Act's purposes. (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 794 (*Pacific Palisades*); §§ 30001.5, 30500-30526.) Local governments assume authority of the CDP process following the Commission's certification of their programs. (*Pacific Palisades*, at p. 794; §§ 30519, subd. (a), 30600.5.) However, "'[p]rior to certification of its local coastal program, a local government may, with respect to any development within its area of jurisdiction . . . , establish procedures for the filing, processing, review, modification, approval, or denial of a coastal development

8

permit.' ([ ] § 30600, subd. (b)(1).)  An action taken under a locally issued permit is appealable to the commission. ([ ] § 30603.)" (*Pacific Palisades*, at p. 794.)  In so-called "dual permit jurisdictions," an applicant must first obtain a permit from the local government and then obtain a second permit from the Commission.  (*Ibid.*; §§ 30600, 30601; Cal. Code Regs., tit. 14, § 13301, subd. (a).)

The Sviteks' development is located in a dual permit jurisdiction, meaning that, to proceed with their project, they generally would first need to obtain a CDP from the local government and then obtain a CDP from the Commission.  The City's CDP program, however, provides for certain exceptions from the CDP process, including for "developments which do not need locally issued coastal development permits under the Coastal Act of 1976 or the California Coastal Commission Regulations, Division 5.5 Title 14 of the California Administrative Code."  (L.A. Mun. Code, § 12.20.2.C.1.)

Likewise, the Commission does not require a CDP for every development within the coastal zone.  "[T]he act accounts for the possibility a proposed project may not affect coastal resources by conferring authority on the executive director of the coastal commission, after a public hearing, to issue 'waivers from coastal development permit requirements for any development that is de minimus.'  ([ ] § 30624.7.)" (*Pacific Palisades*, *supra*, 55 Cal.4th 783, 797; Cal. Code Regs., tit. 14, § 13238, et seq.)  The Commission's executive director is empowered, after review of a completed permit application, to issue a waiver of CDP requirements.  (Cal. Code Regs., tit. 14, § 13238.1.)  The executive director then reports the decision to issue a de minimis waiver to the Commission (Cal. Code Regs., tit. 14, § 13238.2.), and, so long as one-third of the Commissioners do not object, the waiver becomes effective.  (§ 30624.7.)  "Construing the Act to provide the Commission with both expansive jurisdiction to control even limited, temporary development and the authority to exempt from the permit process development that does not have 'any *significant* adverse impact upon coastal resources' provides the Commission the necessary flexibility to manage the coastal zone environment so as to accomplish the statutory purposes." (*Gualala Festivals Committee v. California Coastal Com.* (2010) 183 Cal.App.4th 60, 69-70.)

9

In this matter, the City determined that the project did not require a CDP and instead issued the AIC. According to its terms, the AIC was "not a permit," but entitled the Sviteks to apply to the Commission for a CDP. The Commission then determined that no CDP was required for the project and issued the de minimis waiver, which became effective following the June 16, 2011 meeting, where no Commission member objected.[3]

---

[3]  Appellants contend that because the Sviteks' development is in a dual permit jurisdiction, they were required to obtain a CDP from both the City and the Commission, and no AIC or de minimis waiver could possibly be issued. Appellants base this argument on an overly restrictive reading of California Code of Regulations, title 14, section 13301, subdivision (a), which states, in part, that a CDP in a dual permit jurisdiction "must . . . be obtained from the commission in addition to the [CDP] otherwise required from the local government; in such instances, an application shall not be made to the commission until a [CDP] has been obtained from the appropriate local government." Appellants fail to recognize the import of California Code of Regulations, title 14, section 13300, subdivision (c), which provides that the chapter including California Code of Regulations, title 14, section 13301, does not apply to development "subject to the provision of Section . . . 30624." Section 30624, subdivision (a) enables the Commission's executive director to issue a CDP without compliance with the regular procedures for certain developments, including single-family dwellings. Section 30624.7, as discussed, enables the executive director to issue a de minimis waiver. Reading California Code of Regulations, title 14, section 13300, subdivision (c) to provide an exception for developments subject to section 30624 but not those subject to section 30624.7, as appellants propose, would be nonsensical because the scope of section 30624 is broader than that of section 30624.7, and in most (if not all) cases the type of development that would fall under section 30624.7 would also fall under section 30624. Furthermore, appellants' reading would absurdly require an applicant to comply with the local government CDP process outlined in California Code of Regulations, title 14, section 13300 et seq. for de minimis projects, while not requiring such a process for projects in which the director determined a CDP was required under section 30624. Such an interpretation would also negate the effect of section 30624.7, which allows the director to issue "waivers from [CDP] requirements." We see no indication, in either the statutory or regulatory language, of an intent to eliminate de minimis waivers and to always require CDP's for development in dual permit jurisdictions.

  In any event, even though this issue was briefed by appellants, it is not one encompassed within the FASP's pleadings; none of the causes of action was based on a regulatory prohibition of de minimis waivers. It is also not identified by appellants as a potential ground for amendment—rather, as discussed later in this opinion, appellants

10

**III. The Demurrers Were Correctly Sustained**

We review the ruling sustaining the demurrers de novo, exercising independent judgment as to whether appellants state a cause of action as a matter of law. (*Sierra Club v. Department of Parks and Recreation* (2012) 202 Cal.App.4th 735, 740 (*Sierra Club*); *Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.) We give the FASP a reasonable interpretation, assuming that all properly pleaded material facts are true, but not assuming the truth of contentions, deductions, or conclusions of law. (*Sierra Club*, at p. 740; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) Exhibits attached to the FASP are considered, including whether the petition's allegations are consistent with the attached documents. (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400.)

Although it granted the motions to strike, the trial court analyzed and ruled on the demurrers as to each individual cause of action, even the struck ones. Because the court's ruling on the motions to strike was proper (except for the eighth cause of action), we do not determine whether demurrer was appropriate as to every claim pleaded in the FASP.[4] We only review whether the fifth, sixth, and eighth causes of action, each for writ of mandate against the Commission, state a claim.

**A. Fifth and sixth causes of action**

Appellants' fifth cause of action alleges that the Commission abused its discretion in issuing the de minimis waiver because the Sviteks' development was not de minimis. Among other things, appellants allege: (i) the estimated cost of the project is $2,000,000, while the Commission has a policy of requiring CDP's for projects that cost over

---

assert that the FASP alone contains amendments sufficient to state a cause of action. Our task in reviewing an order sustaining a demurrer is simply to determine whether a cause of action was stated and whether amendment was properly denied. Thus, even if appellants were correct in their assertion that the de minimis waiver was prohibited by regulation, reversal would not be warranted.

[4] We address the impact of struck causes of action below in considering appellants' request for leave to amend.

11

$100,000; (ii) the project violates the standards set forth in section 30253, subdivisions (a) and (b), which require that development minimize risks to life and property in areas of high geologic hazard, while assuring stability and structural integrity; (iii) the project has the potential for adverse effects on coastal resources; (iv) the project is five feet taller than any other structure in the vicinity and higher than zoning limits allow; and (v) CDP's were required for similar projects in the area. According to the FASP, the Commission has refused appellants' demands that the de minimis waiver be revoked and has asserted that no procedure exists for revocation of a de minimis waiver. Appellants' sixth cause of action alleges that the Commission has a duty to require that a CDP be issued for any development within the coastal zone, and no valid waiver could be issued for the subject development. The Commission has refused appellants' demands to issue a cease and desist order.

Both of these causes of action are pled as falling under section 30804 and Code of Civil Procedure section 1085. Similar claims were pled in the original petition, however, as also falling under Code of Civil Procedure section 1094.5.

The de minimis waiver became effective as of June 16, 2011. According to their allegations, appellants learned of the waiver no later than June 27, 2012, but did not file suit until October 1, 2012, more than 60 days later. The trial court found that the fifth and sixth causes of action were subject to the statute of limitations imposed by section 30801 and Code of Civil Procedure section 1094.5, and thus determined that the claims were time-barred.

A petition for administrative mandamus, brought pursuant to section 1094.5 of the Code of Civil Procedure, is "the procedure generally required when the validity or propriety of an action or determination by an administrative agency is challenged." (*Patrick Media Group, Inc. v. California Coastal Com.* (1992) 9 Cal.App.4th 592, 607.) Although such a writ petition generally must be filed within 90 days, for matters challenging a Commission action or decision the statute of limitations is 60 days. (*Id.* at

12

pp. 607-608; § 30801.)[5]  Administrative mandamus differs from traditional (or ordinary) mandamus (Code Civ. Proc., § 1085), which may compel the performance of a duty that is purely ministerial in nature or correct an abuse of discretion.  (*Khan v. Los Angeles City Employees' Retirement System* (2010) 187 Cal.App.4th 98, 105.)  "'The statute of limitations applicable to a writ of mandamus under Code of Civil Procedure section 1085 depends upon the nature of the obligation sought to be enforced.  [Citation.]'  [Citation.]  'It is often difficult to decide which statute of limitations governs an action for writ of mandate.  The code provisions authorizing this action are silent as to the time within which it must be filed.  (See Code Civ. Proc., § 1085 et seq.)  Accordingly, the courts have developed the rule that the question is to be resolved not by the remedy prayed for but by the nature of the underlying right or obligation that the action seeks to enforce.'"  (*Branciforte Heights, LLC v. City of Santa Cruz* (2006) 138 Cal.App.4th 914, 926.)

Appellants contend that section 30801 and Code of Civil Procedure section 1094.5 are not applicable to their claims, and that their claims instead are governed by section 30804, which provides:  "Any person may maintain an action to enforce the duties specifically imposed upon the commission, any governmental agency, any special district, or any local government by this division."  According to appellants, this provision, in combination with Code of Civil Procedure section 1085, gives them a right to challenge the issuance of the de minimis waiver by traditional mandate, and that such an action is timely.

Generally speaking, quasi-judicial acts are reviewed by administrative mandate, whereas quasi-legislative acts are reviewed by traditional mandate.  (*McGill v. Regents of University of California* (1996) 44 Cal.App.4th 1776, 1785.)  In the context of a dispute involving the Commission, Code of Civil Procedure section 1085 challenges the

---

[5]    Section 30801 provides that an "aggrieved person shall have a right to judicial review of any decision or action of the commission by filing a petition for a writ of mandate in accordance with Section 1094.5 of the Code of Civil Procedure, within 60 days after the decision or action has become final."

13

Commission's "failure to perform an act required by law rather than the result of an administrative hearing." (*Hagopian v. State of California* (2014) 223 Cal.App.4th 349, 373.) "It is settled that traditional mandamus only lies to compel the performance of a clear, present ministerial duty. (*State of California v. Superior Court* (1974) 12 Cal.3d 237, 247.) "'Mandamus cannot be used to compel the exercise of discretion in a particular manner or to order a specific result when the underlying decision is purely discretionary.'" (*Sierra Club, supra,* 202 Cal.App.4th 735, 740.)

Appellants' fifth and sixth causes of action challenge the Commission's decision to issue a de minimis waiver for the project instead of requiring a CDP. This decision clearly involved an exercise of discretion. Nevertheless, even though traditional mandamus cannot compel the Commission to exercise its discretion in a particular way, appellants contend that their claims are not subject to section 30801 or Code of Civil Procedure section 1094.5. They assert that the process through which the de minimis waiver became effective was insufficiently judicial to give rise to an administrative mandate action. Appellants base this contention largely on the general principle that "[i]ndicia of [administrative] proceedings undertaken in a judicial capacity include a hearing before an impartial decision maker; testimony given under oath or affirmation; a party's ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision." (*Basurto v. Imperial Irrigation Dist.* (2012) 211 Cal.App.4th 866, 878-879.) The waiver here became effective after the Commission's executive determined that a de minimis waiver was appropriate and no objection was made at the Commission's June 2011 meeting, but the record does not show (and the FASP does not allege) that sworn testimony was given, that witnesses were examined, or that other relevant indicia outlined in *Basurto* took place.

Appellants, however, focus too sharply on how the Commission decision differs from some quasi-judicial decisions, while disregarding how it has no quasi-legislative aspects or other characteristics making it amenable to traditional mandate. The nature of

14

the administrative action or decision at issue determines the appropriate type of mandate, not whether the agency is required by statute to hold an evidentiary hearing. (*California Water Impact Network v. Newhall County Water Dist.* (2008) 161 Cal.App.4th 1464, 1482, 1483, fn. 19.) The gravamen of the cause of action determines the applicable statute of limitations. (*Strother v. California Coastal Com.* (2009) 173 Cal.App.4th 873, 880.) A petition for administrative mandate challenges the conduct or result of an administrative hearing, while traditional mandate challenges an agency's failure to perform an act required by law. (*In re C.F.* (2011) 198 Cal.App.4th 454, 465.) Traditional mandate "'will not issue if the duty is not plain or is mixed with discretionary power or the exercise of judgment.'" (*The H.N. & Frances C. Berger Foundation v. Perez* (2013) 218 Cal.App.4th 37, 46.) Appellants here challenge the result of the Commission hearing. The Commission, based on an exercise of discretion, approved the issuance of a de minimis waiver instead of a CDP. Such a decision could only be challenged by administrative mandate, not traditional mandate, and therefore the 60-day statute of limitations imposed by section 30801 applies.

Nor does appellants' contention that the Commission abused its discretion in issuing the de minimis waiver make their challenge subject to section 1085 instead of 1094.5. "[T]he use of the term 'abuse of discretion' in the context of traditional mandate refers to situations [where] the agency either failed to exercise its discretion or where the agency failed to perform an act clearly required by the statute." (*California Water Impact Network v. Newhall County Water Dist.*, *supra*, 161 Cal.App.4th 1464, 1484, fn. 20.) The Commission has statutory and regulatory authority to issue a waiver of CDP requirements. (§ 30624.7; Cal. Code Regs., tit. 14, § 13238, et seq.) Whether it does so or not is a matter of discretion, and it is a decision that can be challenged in court, so long as a petitioner files the action within the 60-day statute of limitations. Appellants here did not file their action within the statute of limitations.

Finally, appellants argue that supplemental allegations made in the FASP bring this action within the statute of limitations. Specifically, the FASP alleges appellants discovered in January 2013 that the Svitek residence is to be three stories and 37 feet 11

inches in height, which purportedly exceeds the 33-foot maximum imposed in the property's zone. The fifth cause of action alleges this is one reason why issuance of the de minimis waiver was improper. Appellants, however, cannot restart the statute of limitations simply by listing additional alleged problems with the issuance of the de minimis waiver that were not listed in the original petition. (See *Sierra Club*, *supra*, 202 Cal.App.4th 735, 742 [denying challenge to CDP based on lack of timeliness, because "[i]f the rule were otherwise, a [CDP] could be subject to endless challenges long after the 60-day period for administrative mandamus review has expired"].) Regardless of when they allegedly discovered the height issues they complain about in the FASP, appellants' concern is with the issuance of the waiver. Appellants raised numerous alleged problems with the de minimis waiver in their June 2012 letter to the Commission and argued that the waiver should be revoked. Now, they again seek a revocation, based on the additional allegation that the house is too tall. If appellants were allowed to reset the statute of limitations simply by identifying alleged problems not previously discussed, section 30801's 60-day statute of limitations would have little practical effect.[6] Appellants could have challenged the Commission's decision after it was issued, but did not timely file suit. Accordingly, the trial court properly sustained the demurrers to the fifth and sixth causes of action.

## B. Eighth cause of action

Appellants' eighth cause of action seeks a judicial determination that the regulations enacted by the Commission regarding the issuance of de minimis waivers

---

[6]     An exhibit attached to the FASP seems to contradict the allegation of delayed discovery of the height issue. The AIC issued by the City in February 2011, which is specifically referred to in the original petition and the FASP, stated that the height of the Sviteks' building would be 37 feet, 11¼ inches—the same information appellants now claim they discovered in January 2013. Thus, even if the allegations regarding the height issue were independently sufficient to form the basis of a cause of action, appellants' suit would likely be untimely. (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808 [to benefit from discovery rule, a plaintiff "'must specifically plead facts to show . . . the inability to have made earlier discovery despite reasonable diligence'"].)

16

(Cal. Code Regs., tit. 14, § 13238, et seq.) are void to the extent they do not provide for adequate notice or for revocation of de minimis waivers.

Under section 30333, the Commission "may adopt or amend . . . rules and regulations to carry out the purposes and provisions" of the Coastal Act, "and to govern procedures" of the Commission. Section 30624.7 allows the Commission to "adopt procedures for the issuance by the executive director of waivers from [CDP] requirements for any development that is de minimis." In accordance with these provisions, the Commission adopted the procedures outlined in California Code of Regulations, title 14, section 13238, et seq. These regulations provide for review of permit applications by the Commission's executive director, who is enabled to waive CDP requirements. (Cal. Code Regs., tit. 14, § 13238.1.) The executive director reports any decision to issue a de minimis waiver to the Commission at a Commission meeting. (Cal. Code Regs., tit. 14, § 13238.2.) The Commission then may approve or deny a de minimis waiver. (§ 30624.7.)

These regulations do what the Commission was empowered to do by sections 30333 and 30624.7. The Commission's interpretation of its governing statutes is accorded "great weight," though the court does have final responsibility for interpreting the statutes. (*Hagopian v. State of California*, *supra*, 223 Cal.App.4th 349, 366; *Gualala Festivals Committee v. California Coastal Com.*, *supra*, 183 Cal.App.4th 60, 66.) Because the regulations properly establish procedures for issuance of de minimis waivers, we see no reason to question them.[7] Accordingly, the eighth cause of action was properly dismissed.

---

[7] We thus need not determine whether appellants' challenge to the propriety of the regulations is timely. To the extent appellants argue the regulations as applied by the Commission in *this* matter violate the Coastal Act—because in issuing the de minimis waiver the Commission allegedly failed to adequately consider potential geological hazards and other issues—appellants' challenge is to the issuance of the waiver itself. This challenge (as discussed above) is time-barred under section 30801.

**IV. <u>Amendment Is Not Warranted</u>**

We review the trial court's denial of leave to amend for an abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.  [Citation.]" (*Ibid.*)

In their appellate briefing, appellants do not propose any additional allegations or other amendments that would cure the FASP's defects.  Instead, they maintain that the amendments in the FASP (as compared to the original petition) properly state causes of action that were not considered by the trial court because it granted the motions to strike. Viewing the struck causes of action as potential amendments, we find that appellants have failed to show a reasonable probability of stating a viable claim.

The FASP's first two causes of action are for declaratory relief.  These claims pertain to the City's issuance of the AIC and the Commission's issuance of the de minimis waiver.  Essentially, appellants assert that a judicial declaration is necessary as to the AIC and waiver because issuance of each was improper.  "It is settled that an action for declaratory relief is not appropriate to review an administrative decision." (*State of California v. Superior Court*, *supra*, 12 Cal.3d 237, 249; accord, *Walter H. Leimert Co. v. California Coastal Com.* (1983) 149 Cal.App.3d 222, 230.)  A "'backdoor'" declaratory relief challenge, to a matter properly subject to administrative mandate, will not be considered.  (*San Mateo County Coastal Landowners' Assn. v. County of San Mateo* (1995) 38 Cal.App.4th 523, 558.)  Appellants' declaratory relief claims are improper because they challenge actions and decisions that could have been contested through administrative mandate.

Finally, appellants seek to allege a writ of mandate claim against the City for issuing a building permit because, according to the FASP, the Sviteks' house would violate the applicable height limit.  The City's demurrer argued that appellants failed to

18

exhaust their administrative remedies prior to bringing this claim. The trial court agreed, ruling that the claim was subject to demurrer. Appellants do not address this argument or ruling on appeal. Nor do appellants explain how the trial court erred in finding that they could not state a claim for civil penalties or for injunction. Accordingly, we find that appellants have abandoned these issues. (*Herzberg v. County of Plumas* (2005) 133 Cal.App.4th 1, 20; *Martinez v. County of Los Angeles* (1986) 186 Cal.App.3d 884, 887, fn. 2.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

19