[No. A072303. First Dist., Div. Five. Apr. 16, 1996.]

JONATHAN D. PEREZ, Plaintiff and Respondent, v.
HASTINGS COLLEGE OF THE LAW et al., Defendants and Appellants.

## COUNSEL

Angele Khachadour, Carla C. Carrillo, Lynch, Loofbourrow, Gilardi & Grummer, James Parton III and Daniel F. McLennon for Defendants and Appellants.

Balestreri, Dorigan & Pendleton and Patricia E. Chavarria for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Appellants Hastings College of the Law, Hastings College of the Law Board of Directors, Regents of the University of California, and Dean Mary Kay Kane appeal a preliminary injunction compelling the readmission of respondent Jonathan D. Perez as a student, following appellant's refusal to readmit respondent because of unsatisfactory academic performance.

### BACKGROUND

Appellant is a public law school affiliated with the University of California. (See, e.g., *Tafoya* v. *Hastings College* (1987) 191 Cal.App.3d 437 [236 Cal.Rptr. 395].) Appellant requires its students to maintain a minimum 2.0 cumulative grade point average (GPA), and its academic regulations provide that a student with a GPA of less than 1.8 at the end of the first year "shall be excluded from the college." A student who fails to meet the academic standards may petition for readmission, but in order to gain readmission must convince appellant that "he or she is capable of successful completion of the curriculum." The petition for readmission is heard by the Committee on Disqualified Students (the committee), which is authorized to impose conditions of readmission as it deems appropriate, and whose decision is final and nonappealable.

A student who has previously been readmitted subject to conditions and fails to meet those conditions at the end of his or her second year may again petition for readmission, but "[r]elief from such conditions will be granted only in the most compelling and extraordinary of circumstances."

Respondent entered the college in August 1993, and at the end of his first year had a failing GPA of 1.731. His petition for readmission was granted subject to certain conditions, among which was "[t]hat you obtain a cumulative [GPA] of at least 2.0 by the end of the spring semester 1995." At the

time of his readmission respondent was advised that his failure to meet any of the conditions of his readmission would result in his academic disqualification from the college.

Respondent reentered the college for a second year, but at the end thereof his GPA was only 1.96. By a vote of two to one the committee denied respondent's petition for readmission for a third year, and also denied his petition for reconsideration. Respondent then petitioned the superior court for relief and obtained a preliminary injunction ordering appellant to readmit him as a student.

## DISCUSSION

Respondent is not the first student excluded from readmission to the college for failure to meet its academic standards, and if historical precedent is any indicator, he will not be the last. The dispositive issue for us is whether the courts or the college should determine whether he was entitled to be readmitted.

■ In reviewing a similar issue we recently announced the guidelines for our decision in *Banks* v. *Dominican College* (1995) 35 Cal.App.4th 1545, 1551 [42 Cal.Rptr.2d 110]: "It is well settled that in actions challenging the academic decision of a . . . university regarding a student's qualifications for a degree, we exercise a highly deferential and limited standard of review. 'There is a widely accepted rule of judicial nonintervention into the academic affairs of schools.' [Citation.] We may only overturn the university's decision if we find it to be arbitrary and capricious, not based upon academic criteria, and the result of irrelevant or discriminatory factors. [Citations.] We must uphold the university's decision 'unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment.' [Citation.]"

The trial court's decision rests on the consideration of two interrelated factors: (1) the likelihood that plaintiff will prevail on the merits at trial and (2) the interim harm that plaintiff is likely to suffer if the injunction is denied, compared to the harm the defendant is likely to suffer if the injunction issues. (*Cohen* v. *Board of Supervisors* (1985) 40 Cal.3d 277, 286 [219 Cal.Rptr. 467, 707 P.2d 840].) ■ We review the trial court's decision to grant a preliminary injunction under the familiar abuse of discretion standard. (*IT Corp.* v. *County of Imperial* (1983) 35 Cal.3d 63, 69 [196 Cal.Rptr. 715, 672 P.2d 121].) However, where the preliminary injunction mandates an affirmative act changing the status quo, we exercise greater

scrutiny to determine whether an abuse of discretion occurred. (*Board of Supervisors* v. *McMahon* (1990) 219 Cal.App.3d 286, 295 [268 Cal.Rptr. 219].)

■ Appellant contends the court abused its discretion in granting the preliminary injunction because respondent failed to demonstrate he was likely to prevail on the merits, insofar as he failed to demonstrate that appellant's decision that he was not academically qualified was either arbitrary or capricious. We agree.

As we have noted, at all times relevant to respondent's disqualification, students who failed to meet conditions imposed by the committee as a condition to readmission could petition the committee for relief, but "[r]elief from such conditions will be granted only in the most compelling and extraordinary of circumstances." When he was readmitted on probation to his second year, appellant was clearly informed that if he failed to satisfy any one of the probationary conditions he would be dismissed from the college. He failed to achieve the required GPA.

Disqualified students petitioning for readmission after failing to satisfy imposed conditions were informed that "exceptional circumstances" are "deemed to include events of an unanticipated and drastic or extremely intense nature occurring within a short time prior to or within the examination period which clearly and substantially impair the student's ability to study and take examinations. Examples of such circumstances include serious illness or disability of the student or death, serious injury or serious illness in the student's immediate family." Specifically *excluded* as an example of exceptional circumstances was "[d]omestic discord except in cases of a spouse leaving with the child or children with need for the student to locate and protect the child . . . ."

Petitioning students were also informed that a petition based on exceptional circumstances must include supporting documentary material. Respondent's petition for readmission, after his dismissal for failure to satisfy the conditions imposed on him, neither argues that exceptional circumstance prevented his meeting the required conditions nor contains supporting documentation demonstrating the existence of such circumstances. In his subsequent petition for reconsideration he stated he was "just now learning" that his academic performance was affected by some marital discord between his parents. However, as noted earlier, this is not an exceptional circumstance as defined by academic regulations. Given respondent's failure on his second attempt to achieve a passing GPA and to present evidence of exceptional circumstances excusing that failure, appellant's decision to dismiss him

cannot be construed as arbitrary, capricious, or a substantial departure from accepted academic norms. (*Banks* v. *Dominican College, supra,* 35 Cal.App.4th at p. 1551.)

Respondent argues that appellant's failure to follow its own academic regulations in effect at the time of his disqualification makes it likely he would prevail on the merits at trial. Specifically, he argues that the committee's application of standards set forth in amended regulations that did not become effective until after his exclusion from the college deprived him of procedural due process, which deprivation permitted judicial intervention. (See *Shuffer* v. *Board of Trustees* (1977) 67 Cal.App.3d 208, 219 [136 Cal.Rptr. 527].)

As a condition of his probationary readmission, respondent was required to demonstrate that he was "capable of successful completion of the curriculum" (academic regulation 2906). Regulation 2906, which is part of the regulations governing "Continuation to Second Year," also stated that the committee was required to impose certain conditions on a student readmitted with a GPA of less than 1.8, plus any other conditions the committee deemed appropriate, and that a student who failed to meet these conditions could petition the committee for relief, which would be granted "only in the most compelling and extraordinary of circumstances." Regulation 2906 did not identify any criteria for the committee to consider in making its determination of capability of successful curriculum completion. Regulation 3004, which is part of the regulations governing "Continuation to Third Year," also stated that a student who failed to meet the conditions imposed by the committee as a condition to readmission could petition the committee for relief, but relief from the conditions would be granted only in the most compelling and extraordinary of circumstances.

In the spring of 1995, appellant amended regulation 2906 requiring disqualified students to convince the committee not only that they are capable of successful curriculum completion but also of passing a state bar examination. The amended regulation adds a list of eight factors the committee may consider in making its determination, including the student's LSAT (Law School Admission Test) score and undergraduate grades as predictors of the likelihood of academic success and successful completion of a bar examination (factor 5), and, to the extent a student asserts that personal problems accounted for poor academic performance, whether the personal problems are likely to persist, and whether, in light of the student's predictive factors (including LSAT score, undergraduate GPA, and college GPA to date), the student is likely to succeed if the personal problems are overcome (factor 6). Both regulations 2906 and 3004 were further amended to state

that if the student is readmitted on condition "that he or she achieve a specified level of academic performance in the following year, and the student fails to satisfy this condition and is again disqualified, there shall be a strong presumption against readmission. While the student may petition the [c]ommittee for relief, the [c]ommittee shall not grant readmission except under the most compelling and extraordinary circumstances, and only if the [c]ommittee is clearly convinced that the student will be able to graduate if readmitted." The regulations state that the amendments become effective at the conclusion of the 1995-1996 academic year.

The amendments were a response to a report prepared by the college's Academic Standards Committee addressing the dean's concerns for improving Hastings's bar passage rate. The report encompassed a study which showed that students whose GPA was below 2.2 had a first time California bar examination pass rate of 23.97 percent, and students with an LSAT score below the 30th percentile nationwide had a first time California bar examination pass rate of 25.45 percent.

In support of his petition for a preliminary injunction, respondent submitted the deposition of the dissenting member of the committee, who testified that the majority committee members based their decision not to readmit respondent on the fact that he was statistically unlikely to pass the California bar examination, given his cumulative GPA and LSAT score in the 38th percentile. The trial court's order granting the preliminary injunction states that the "evidence indicates that the committee's decision resulted from [its] application of new and different regulations not yet in effect. Specifically, [it] focused on the probability of [respondent] passing the California bar exam, given his low LSAT scores and the fact that his GPA was less than a 2.2. [The dissenting committee member] testified that the other committee members also applied a presumption against readmission, which is also part of new regulations not applicable to [respondent]."

Notwithstanding the trial court's factual findings, we conclude the committee's decision not to readmit respondent did not violate his right to due process and therefore cannot be construed as the result of irrelevant or discriminatory factors. (*Banks* v. *Dominican College*, *supra*, 35 Cal.App.4th at p. 1551.) Under the preamended academic regulations which were those applicable to respondent's case, a student who failed to satisfy the conditions of probation, and then failed to present any compelling reasons for his failure, was subject to dismissal. Grades are the yardstick for performance in all academic institutions, and failure to maintain satisfactory grades is cause for expulsion or denial of readmission by any standard. Therefore, the school was justified in dismissing respondent for failing to maintain a passing GPA,

and offering no evidence of an extraordinary or compelling circumstance excusing his failure.

The judgment is reversed and the cause remanded with directions to vacate the injunction.

Peterson, P. J., and King, J., concurred.