Filed 2/23/23  Rassaii v. The Board of Trustees of the Cal. State University CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FRED RASSAII,<br><br>　　Plaintiff and Appellant,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>　　Defendant and Respondent. | H049561<br>(Santa Clara County<br>　Super. Ct. No. 20CV374092) |

Plaintiff Fred Rassaii petitioned for writ of mandate challenging the decision of the Board of Trustees of the California State University (Trustees) to permanently disqualify him from a graduate program at San Diego State University for failing to meet the program's GPA requirements.  Rassaii appeals the trial court's orders sustaining a demurrer as to certain claims and granting judgment on the pleadings as to the remaining claims.  Rassaii contends the trial court was incorrect in finding that he failed to comply with the Government Claims Act before filing suit for damages and in determining that the Trustees' decision was not arbitrary or capricious.  Finding no error, we will affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are undisputed.  Rassaii enrolled in the Medical Physics program at San Diego State University in fall 2018, seeking a Master of Science degree.  A Graduate Bulletin in the record sets out relevant university policies.  The university requires a minimum 3.0 GPA in all courses listed on the official Master's degree program and a minimum overall 2.85 GPA.  A student who does not earn at least a 2.85 GPA is

placed on academic probation. A student failing to achieve at least a 2.85 term GPA during the first semester on academic probation is disqualified from the university. An academically disqualified graduate student cannot attend the university for one full semester, but may apply for readmission, which is not guaranteed. In addition to academic disqualification, the policy provides for administrative disqualification, under which "the university may recommend that the graduate dean dismiss from the program any graduate student whose performance in a degree, certificate, or credential program is judged unsatisfactory with respect to the scholastic or professional standards of the program other than GPA." Also filed in the trial court was California State University Executive Order 1038, which provides that disqualification of graduate students is subject to section 41300, subdivisions (d), (e), and (f) of Title 5 of the California Code of Regulations and campus criteria.

Rassaii was placed on academic probation after his first semester in the program because he failed to earn the minimum 2.85 GPA. When Rassaii's term GPA and cumulative GPA remained below 2.85 after the spring 2019 semester (his second semester in the program), he was academically disqualified from the graduate program. Rassaii sought immediate reinstatement to the program. The university denied Rassaii's request because he had neither proposed to sufficiently raise his GPA nor provided a "solid plan for degree completion." The university suggested that Rassaii instead apply for readmission the following school year.

Rassaii petitioned for readmission in December 2019 for the fall 2020 semester. Rassaii proposed an academic plan in which he would repeat a course in each of the fall 2020 and spring 2021 semesters and earn a cumulative GPA of 2.71 and 2.85 in each of those respective semesters. An assistant dean notified Rassaii that his proposed plan would not lead to graduation with the minimum required 3.0 GPA. The assistant dean indicated he would approve readmission on academic probation and administrative probation, subject to multiple conditions. One condition was that "[u]nder administrative

2

probation, your Fall 2020 term GPA must be 3.633 or higher, (assuming you take three graded courses for use on the Program of Study). If the Fall GPA is lower, you would be administratively disqualified without the possibility of readmission." Rassaii was readmitted in March 2020, subject to those conditions.

Rassaii reenrolled in the graduate program in fall 2020. He received a 2.56 term GPA that semester, resulting in a 2.42 cumulative GPA. Rassaii was then permanently disqualified from the graduate program. Representing himself, Rassaii sued the Trustees in December 2020. Styled as a motion to order the Trustees to take certain actions, the trial court and parties treated the filing as a petition for writ of mandate. The petition alleged that the condition imposing a higher GPA than the 2.85 requirement listed on the readmission form was arbitrary and capricious, violated the university's applicable policies, interfered with Rassaii's prospective economic advantage, negligently and intentionally inflicted emotional distress, violated his right to education, and that the action was retaliatory. The petition sought an order compelling the Trustees to remove him from administrative probation; remove the requirement to attain a 3.633 GPA in the first semester of readmission; and reverse its decision to permanently disqualify him from the graduate program. The petition requested $10,650,000 in compensatory and punitive damages. Rassaii did not submit a claim under the Government Claims Act (Gov. Code, § 810 et seq.) with any state entity before filing suit. (Unspecified statutory references are to the Government Code.)

The Trustees demurred, arguing that the petition failed to state a cause of action because it was barred by the doctrines of claim and issue preclusion in light of Rassaii's prior unsuccessful suit.[1] The Trustees further argued that it did not owe Rassaii a

---

[1] Rassaii's previous suit sought to have section 41300, subdivision (f) of title 5 of the California Code of Regulations declared unconstitutional. There the trial court sustained the Trustees' demurrer because the complaint failed to state a cause of action, which we affirmed on appeal. (*Rassaii v. Board of Trustees of California State University* (June 17, 2022, H048281) [nonpub. opn.].) We take judicial notice of the opinion issued in case No. H048281.

ministerial duty of reinstatement and that the Government Claims Act barred his claims for monetary relief.

The trial court sustained the demurrer without leave to amend as to Rassaii's claims for compensatory and punitive damages, finding that Rassaii had not alleged compliance with the Government Claims Act by timely presenting a written claim to the Trustees, nor had Rassaii actually presented such a claim to any state entity. The court denied Rassaii leave to amend because the one-year deadline to present the claim to the Trustees had already expired. (Citing § 911.2.) The court overruled the demurrer as to the balance of Rassaii's claims, reasoning that the issues presented were distinct from those raised in, and therefore were not precluded by, Rassaii's prior unsuccessful suit. The court further declined to abate the case pending disposition of Rassaii's appeal of his prior suit, finding that the two cases asserted different injuries and causes of action. (Rassaii appealed that order, which we dismissed as premature.

The Trustees thereafter moved for judgment on the pleadings. The trial court granted the Trustees' motion by written order, denying the entire petition with prejudice. The trial court concluded it could not order Rassaii's reinstatement in the graduate program because he "failed to meet [the] minimum grade point average" requirements. The court determined that the university acted within its discretion when it required a 3.633 term GPA as a condition for Rassaii's readmission to the fall 2020 semester because that GPA was necessary to place Rassaii on a path to earn the minimum 3.0 cumulative GPA required to graduate. The court also noted the petition was moot to the extent Rassaii sought "readmission to a semester which he has already completed and for which he earned a GPA lower than the 2.85 term GPA requirement that he seeks to impose as a remedy."[2]

---

[2] We accept the trial court's order as ripe for appeal. (See *Public Defenders' Organization v. County of Riverside* (2003) 106 Cal.App.4th 1403, 1409 ["[A]n order

4

## II. DISCUSSION

### A. Standard of Review

Both issues on appeal are subject to a de novo standard of review. We exercise "our independent judgment to determine whether a cause of action has been stated under any legal theory." (*Sierra Club v. Department of Parks & Recreation* (2012) 202 Cal.App.4th 735, 740 [demurrer]; *Kempton v. City of Los Angeles* (2008) 165 Cal.App.4th 1344, 1347 [judgment on the pleadings].) We will affirm if the petition fails to plead an essential element, or if the allegations clearly disclose some defense or bar to recovery. (*Brown v. Crandall* (2011) 198 Cal.App.4th 1, 8.) "In determining these issues, we accept as true all facts properly pleaded or subject to judicial notice, but not contentions, deductions, or conclusions of fact or law." (*Ibid.*)

### B. The Trial Court Properly Sustained the Demurrer

Rassaii appears to argue that his email communications to university administrators satisfied the Government Claims Act's claim presentation requirement. "As a general rule, a plaintiff must present a public entity with a timely written claim for damages before filing suit against it. [Citation.] If a complaint does not allege facts showing that a claim was timely made, or that compliance with the claims statutes is excused, it is subject to demurrer." (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 652; see also §§ 905, 945.4.) The purpose of the claim requirement is " 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.' " (*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 446.)

---

granting or denying a petition for an extraordinary writ constitutes a final judgment for purposes of an appeal, even if the order is not accompanied by a separate formal judgment."].) We deny Rassaii's request for judicial notice, as the subject documents are already in the record on appeal or were created after the events at issue.

Claims for personal injury or property damage must be presented within six months of accrual, and all other claims must be presented within one year of accrual. (*Andrews v. Metropolitan Transit System* (2022) 74 Cal.App.5th 597, 604; § 911.2, subd (a).) A claim must include, among other things, the claimant's mailing address, a description of the injury or damage incurred, whether the claim would be a limited civil case, and the amount claimed if less than $10,000. (§ 910.) The doctrine of substantial compliance may validate a deficient claim "if it substantially complies with all of the statutory requirements ... even though it is technically deficient in one or more particulars." (*Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 713.) But substantial compliance "cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute." (*Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1083.)

Rassaii relies on email communications he sent to university professors in August 2019. Those communications did not substantially comply with the Government Claims Act. They relate not to his fall 2020 readmission or December 2020 permanent disqualification, but rather to his efforts to be immediately reinstated in August 2019. They do not describe the injuries Rassaii seeks to redress in this action. Nor do they provide an address for contact by mail, specify the amount of damages sought, or indicate whether the claim would be a limited civil case. Importantly, the communications were made to university professors rather than to the Trustees' or even the university's designated agent. (See §§ 910, 915, subd. (a)(1)–(2), 935.9; *Wood v. Riverside General Hospital* (1994) 25 Cal.App.4th 1113, 1118.) Though Rassaii stated in one email that he would "pursue the matter through other avenues," that language was inadequate to put the Trustees on notice that Rassaii would commence litigation. (Compare *Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 401–402 [letter communicating that plaintiff "felt he had compensable claims" and that expressly

6

threatened litigation, while an incomplete claim, was sufficient to trigger duty to provide notice of the insufficiencies.].)

Rassaii has not asked on appeal for leave to amend his complaint, nor demonstrated a reasonable possibility that an amendment would cure the defects that caused the demurrer to be sustained. (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145.)

## C. The Trial Court Properly Granted Judgment on the Pleadings

We interpret the trial court's order granting the Trustees' motion for judgment on the pleadings as finding the petition moot as to Rassaii's request to be readmitted to a semester that had already ended. As for Rassaii's request to be reinstated (which we interpret as a challenge to his permanent disqualification), the trial court concluded it could not order Rassaii's reinstatement in the graduate school program because he "failed to meet [the] minimum grade point average" requirements.

Regarding mootness, Rassaii's petition asked the court to "reinstitute the GPA of 2.85 for the first semester after readmission and cumulative GPA of 2.85 at the end of the second semester after readmission." But Rassaii was allowed to return to the graduate school in the fall 2020 semester, and earned only a 2.56 term GPA. Because the petition requested relief for a semester that had already occurred—and for which Rassaii earned below even his own proposed minimum GPA—the trial court properly concluded the petition was moot as to that claim.

As to Rassaii's permanent disqualification, "[t]here is a widely accepted rule of judicial nonintervention in the academic affairs of schools." (*Paulsen v. Golden Gate University* (1979) 25 Cal.3d 803, 808; see also *Perez v. Hastings College* (1996) 45 Cal.App.4th 453.) We will overturn a university's decision only where we conclude it is arbitrary or capricious, not based on academic criteria, and the result of irrelevant or discriminatory criteria. (*Banks v. Dominican College* (1995) 35 Cal.App.4th 1545, 1551 (*Banks*).)

The university was under no obligation to reinstate Rassaii following his disqualification. Contrary to Rassaii's belief, the California Constitution does not create a constitutional right to a university education. (*Levi v. O'Connell* (2006) 144 Cal.App.4th 700, 708 ["the common schools of California under section 5 [of article IX of the California Constitution] are the schools that provide what has become known as grades K through 12. […] Colleges and universities are not included."].) A decision to reenroll a previously disqualified university student is discretionary. "A student disqualified for scholarship deficiency may not enroll in any regular session of the [California State University] campus without permission from the appropriate campus authority, and may be denied admission to other educational programs operated or sponsored by the campus." (Cal. Code Regs., tit. 5, § 41300.) As stated more plainly in the university's policies: "Readmission to the university is NOT automatic."

Having exercised its discretion to reinstate Rassaii, the university was permitted to impose conditions to ensure he would graduate with the required minimum GPA. State regulations require graduate students at a state university to maintain a cumulative GPA of at least 3.0 or be subject to academic probation. (Cal. Code Regs., tit. 5, § 41300, subd. (d).) If placed on academic probation, a graduate student is subject to disqualification if he or she "fails to earn sufficient grade points to be removed from probationary status." (*Id.*, at subd. (f).) The university's policies are consistent with those regulations, requiring students in a Master's degree program to maintain a GPA of at least 3.0 in the degree program and an overall GPA of at least 2.85.

The GPA condition the university imposed here—earn a GPA of at least 3.633 in the first semester following reinstatement or be permanently disqualified—was based on the foregoing academic criteria. The identified minimum GPA was necessary for Rassaii to raise his cumulative GPA to the 3.0 required by state regulations and university policy to remain enrolled and progress toward a degree in his graduate program. Because the condition was based on academic criteria and was clearly communicated to Rassaii

8

before he was reinstated, it was neither arbitrary nor capricious. (See *Banks*, *supra*, 35 Cal.App.4th at p. 1551.) And because Rassaii failed to comply with the conditions placed of his readmission, the university's decision to permanently disqualify him was likewise not arbitrary or capricious. (See also Cal. Code Regs., tit. 5, § 41300.1 ["graduate student ... may be disqualified by appropriate campus authorities for unsatisfactory scholastic progress regardless of cumulative grade point average or progress points"].)

Rassaii's remaining contentions have been forfeited. He asserts the university imposed specific readmission conditions in retaliation for his complaints about the university's handling of financial aid disbursements. Rassaii forfeited that issue by failing to support it with reasoned argument in his appellate briefing. (*Sviridov v. City of San Diego* (2017) 14 Cal.App.5th 514, 521.) As for his poor academic performance being due to indigency and the COVID-19 pandemic, he forfeited those arguments by raising them for the first time on appeal. (*Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal.App.5th 881, 888.)

### III.   DISPOSITION

The trial court's orders of June 14, 2021 and October 18, 2021 are affirmed. In the interest of justice, each party shall bear its own costs on appeal.

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Wilson, J.

**H049561 -** *Rassaii v. The Board of Trustees of the California State University*